The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: March 18 2021

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-33942 |
| | ) | |
| Debra L. Lorenzen, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge John P. Gustafson |

**MEMORANDUM AND ORDER**

This case came before the court on December 15, 2020, for further hearing on Debtor Debra L. Lorenzen's ("Debtor") Motion to Avoid Lien with Ditech Financial LLC and Status Report ("Motion") pursuant to 11 U.S.C. §§506(a) and 1322(b)(2). Attorney for Debtor and the Chapter 13 Trustee appeared via telephone at the hearing. The Motion seeks to avoid the lien of Ditech Financial LLC ("Ditech") on Debtor's real property located at 5442 Allison Lane, Sylvania, in Lucas County, Ohio ("Property") pursuant to Debtor's Chapter 13 Plan. The "lien" is a second mortgage ("Second Mortgage") filed on or about September 1, 2004, at the Lucas County Recorder's Office as Lien Number 20040901-0071823. [Doc. #39].

# INTRODUCTION

The Second Mortgage appears to be held and/or serviced by either Ditech or by NewRez LLC d/b/a Shellpoint Mortgage Servicing. Because of this uncertainty in the record, the court cannot find that there has been proper notice, which is necessary before this court can exercise jurisdiction or grant any relief to Debtor. At issue is whether Ditech and NewRez LLC d/b/a Shellpoint Mortgage Servicing received sufficient notice to satisfy constitutional due process requirements, that is: "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Clevinger*, 2018 WL 4223251, at *4, 2018 Bankr. LEXIS 2708, at *10 (Bankr. N.D. Ohio Sept. 5, 2018)(quoting *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

# BACKGROUND

**A. Loan History**

Debtor has a residence located at 5442 Allison Lane, Sylvania, in Lucas County, Ohio. [Doc. #29]. On or about August 26, 2004, the Debtor encumbered the Property with a $35,000.00 Second Mortgage in favor of Fremont Investment & Loan. This instrument was recorded on September 1, 2004 in the Lucas County Official Records with an instrument number of 200409010071823.

On or about July 14, 2012, Mortgage Electronic Registration Systems, Inc. as Nominee for Fremont Investment & Loan assigned the Second Mortgage to The Bank of New York Mellon FKA The Bank of New York, As Successor Trustee to JPMorgan Chase Bank, N.A., As Trustee For The Certificate Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2005-2 ("BNYM"). This

assignment was recorded on July 26, 2012, with an instrument number of 201207260035453.

On or about June 6, 2014, BNYM assigned the Second Mortgage to Nationstar Mortgage LLC. This assignment was recorded on June 26, 2014 with an instrument number of 201406260024878. On or about June 6, 2014 Nationstar Mortgage LLC assigned the Second Mortgage to DLJ Mortgage Capital, Inc. This assignment was Recorded on June 26, 2014, with an instrument number of 201406260024879.

On or about May 7, 2015, DLJ Mortgage Capital, Inc. assigned the Second Mortgage to Green Tree Servicing LLC. This assignment was recorded on July 1, 2015, with an instrument number of 201507010026204. Green Tree Servicing LLC merged with Ditech Financial LLC. *See e.g*., *In re Benyamin*, 587 B.R. 243, 245 (Bankr. S.D.N.Y. 2018)(a Ditech proof of claim included an affidavit and certificate of merger was filed "stating that Green Tree was merged into DT Holdings LLC and Ditech Mortgage Company and that such merger resulted in the entity Ditech as of August 31, 2015."); *Koola v. Ditech Fin., LLC*, 611 B.R. 251, 254 (D.S.C. 2019)("On August 31, 2015, Green Tree merged with DT Holdings and Ditech Mortgage Corp., and the surviving entity was Ditech[.]").

It appears that on or about February 26, 2019 Ditech Financial f/k/a Green Tree Servicing LLC successor by merger to Green Tree Servicing appointed NewRez LLC d/b/a Shellpoint Mortgage Servicing as its true and lawful attorney-in-fact. NewRez LLC d/b/a Shellpoint Mortgage Servicing services the "loans previously serviced by the Company and for which the Company may be the current lienholder of record." One of these instruments was recorded on October 9, 2019, with an instrument identification number of

201910090041081.

B. The Debtor's Bankruptcy And Ditech's Bankruptcy

On or about December 20, 2018, Debtor filed for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio.

On or about February 11, 2019, Ditech and its affiliates filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Case No. 19-10412.[1] [Doc. #79-1].

On or about June 5, 2019, Debtor filed her Motion to Avoid Lien with Ditech Financial LLC. [Doc. #39]. On or about June 11, 2019, this court entered an order confirming Debtor's Chapter 13 Plan. [Doc. #40]. In Debtor's Chapter 13 Plan, under "Part 3: Treatment of Secured Claims," specifically "3.4. Lien Avoidance" the Chapter 13 Plan listed Ditech's Second Mortgage. [Doc. #5, pp. 3-4].

Turning back to Ditech. In Ditech's Chapter 11, the Bankruptcy Court for the Southern District of New York entered an order on September 26, 2019, approving Ditech's Third Amended Plan and the sale of certain assets. [19-10412, Doc. #1404]. The Third Amended Plan incorporates an Asset Purchase Agreement therein between Ditech and its affiliate(s) and New Residential Investment Corp., dated June 17, 2019 (as amended, modified, and supplemented from time to time). [Doc. #79-2]("The terms and provisions of the Third Amended Plan, including the terms of the Asset Purchase Agreement . . . are incorporated herein by reference and are an integral part of this Order."). The Asset Purchase Agreement contemplated a series of transactions and agreements, in existence or soon to be in existence, between Ditech and NewRez LLC. [Doc. #79-4, pp. 33-39]("'NRZ Parties' means New Residential Investment Corp., New Residential

---

1/ The docket for Case No. 19-10412 is available at https://dm.epiq11.com/case/ditech/dockets (last visited Mar. 18, 2021).

4

Mortgage LLC, NewRez LLC (f/k/a New Penn Financial, LLC).").

The Third Amended Plan and the Asset Purchase Agreement appear to show that Shellpoint Mortgage Servicing was acquiring certain interests from Ditech. [Doc. #79-6]. Further, it appears that NewRez LLC does business as Shellpoint Mortgage Servicing.[2]

**C. The Second Mortgage**

There appears to be an issue regarding what entity now owns the underlying Second Mortgage, and the servicing rights to that mortgage. The holder and/or servicer of the Second Mortgage may be Ditech or NewRez LLC d/b/a Shellpoint Mortgage Servicing. The court does not have sufficient information to make a determination regarding what interests each of these entities may hold in regards to the Debtor's Second Mortgage.

    i.    <u>Ditech's possible mortgage and servicing rights, if any</u>

If Ditech holds or services the Second Mortgage it appears that the Second Mortgage may be subject to the injunction in Section 10.5 of the Third Amended Plan:

> Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to . . . [A]ll Entities who have held, hold or may hold Claims against or Interest in [Ditech] . . . and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting [Ditech] or the property of [Ditech]; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against [Ditech]; or the property of [Ditech].

[Doc. #79-1 pp. 67-68].

---

2/   This court also notes that pursuant to Rule 3001(e), Fed. R. Bankr. P., NewRez LLC d/b/a Shellpoint Mortgage Servicing did not file evidence and notice, if any, of the transfer.

If this is the case, proper notice should be given to Ditech pursuant to Section 12.19 of the Third Amended Plan,[3] which includes Ditech, as defined therein, and the Plan Administrator, as defined therein, and/or the Authorized Attorneys for the Plan Administrator. *See,* [No. 19-10412-jlg, Doc. #1404-1, Ex. A. pp. 77-79]. To this point, it does not appear that Debtor has made proper service on Ditech. Notably, Debtor has not served the Ditech Plan Administrator.

      ii.     <u>NewRez LLC d/b/a Shellpoint Mortgage Servicing possible mortgage and servicing rights, if any</u>

If, on the other hand, the Asset Purchase Agreement incorporated in the Third Amended Plan effectuated an assignment of mortgage and/or servicing rights pursuant to an agreement or transaction contemplated therein, then NewRez LLC d/b/a Shellpoint Mortgage Servicing may be the proper mortgagee and/or servicer. [Doc. #79-4, pp. 33-39].

If NewRez LLC d/b/a Shellpoint Mortgage Servicing holds the mortgage or servicing rights, notice should be given to NewRez LLC d/b/a Shellpoint Mortgage Servicing. *See e.g.*, *In re Simmons*, 623 B.R. 288, 294 n.4 (Bankr. D.S.C. Jan. 8, 2021)("The Clerk of Court shall serve NewRez at the address listed for its Registered Agent according to the South Carolina Secretary of State").

However, there has been no service on the entity/entities (NewRez, LLC d/b/a Shellpoint Mortgage Servicing) that purchased the mortgage and/or mortgage servicing rights from Ditech. Accordingly, at this point, Ditech and NewRez d/b/a Shellpoint Mortgage Servicing have not been afforded proper notice and an opportunity to be heard on Debtor's Motion.

---

3/  Further, it appears a possible alternative exists. In order to adjudicate Ditech's Second Mortgage on Debtor's Property, Debtor may have had the alternative of moving for relief pursuant to section 10.5 of the Third Amended Plan. *See, e.g.*, [No. 19-10412, Doc. #1807]("the automatic stay and injunction section 10.5 of the Third Amended Plan (the "Plan Injunction") shall be modified solely to permit the Movant . . . to extinguish Ditech's junior mortgage on the Movants' property.").

To satisfy due process there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *see also, In re Ditech Holding Corp.*, 2021 WL 28072, at *5, 2021 Bankr. LEXIS 1, at *15 (Bankr. S.D.N.Y. Jan. 3, 2021). Therefore, it appears notice of Debtor L. Lorenzen's Motion to Avoid Lien should be provided to NewRez LLC d/b/a Shellpoint Mortgage Servicing, as well as to Ditech.

### D. The Ditech Automatic Stay, And The Plan Injunction, As It Relates To Debtor's Second Mortgage

First, it appears that the automatic stay that was in effect in the Ditech Chapter 11 case may have been terminated, and replaced by the injunction that was part of the Third Amended Plan and the Asset Purchase Agreement. While the automatic stay in the Ditech Chapter 11 would apply to void any actions taken by this court, that stay appears to have terminated. The court does not decide that issue, but at this point would require Ditech or NewRez LLC to raise it in any responsive pleading they might file. *See, Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 323 (5th Cir. 2016)(citing *Ins. Co. of N. Am. v. NGC Settlement Tr. & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.)*, 118 F.3d 1056, 1063 (5th Cir. 1997)(action to enforce discharge injunction is an affirmative defense because the party is asserting a right under the Bankruptcy Code)).

Second, it should be noted that the Chapter 13 Debtor here filed bankruptcy before Ditech. There was no motion for relief filed in the above captioned case that would allow Ditech to alter Debtor's right to avoid the Second Mortgage through the Plan/Asset Purchase Agreement injunction. To the extent Ditech or NewRez LLC believe that the injunction is applicable to the Debtor's Second Mortgage, despite the continuing existence of the automatic stay in Debtor's Chapter 13 case, they may assert the injunction as an affirmative defense. *See,* Fed. R. Bankr. P.

7

9014(c) ("The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."). The court will make Federal Rule of Civil Procedure 8 applicable to this contested matter. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §1271 (3d. ed.)(affirmative defenses in Federal Rule 8(c) are not intended to be exhaustive); [19-10412-jlg, Doc. #1404-1, pp. 8, 71](Pursuant to Section 10.9, "Retention of Causes of Action/Reservation of Rights," of Ditech's Third Amended Plan, Ditech does not waive or relinquish any Causes of Actions as defined pursuant to Section 1.26 of the Third Amended Plan, which includes "any claim or defense").

**IT IS THEREFORE ORDERED,** Debtor Debra L. Lorenzen shall provide the appropriate notice to Ditech and NewRez LLC d/b/a Shellpoint Mortgage Servicing.

**IT IS FURTHER ORDERED** that Federal Rule of Civil Procedure 8(c) is applicable to this contested matter.

###

8

18-33942-jpg    Doc 81    FILED 03/18/21    ENTERED 03/18/21 14:23:32    Page 8 of 8